## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

HOWARD NEAL, JR.,  \*
ADC # 140637  \*
         Petitioner,  \*
v.  \*
           \*  No. 5:13CV00105-JLH-JJV
RAY HOBBS, Director,  \*
Arkansas Department of Correction  \*
           \*
         Respondent.  \*

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.      BACKGROUND**

On December 14, 2007, a Pulaski County jury found Mr. Neal guilty of one count of capital murder and one count of kidnapping. (Doc. No. 5-2.)  He was sentenced to life imprisonment without possibility of parole for the murder and 240 months for the kidnaping.

Mr. Neal appealed his convictions, arguing only that the trial court abused its discretion by refusing to allow a witness to testify. *Neal v. State,* 375 Ark. 389 (2009.)  On January 22, 2009, the Supreme Court of Arkansas affirmed the convictions and, in doing so, summarized Mr. Neal's case as follows:

> On October 23, 2005, Jacquelyn Polk left her five-year-old daughter, Jasmine Peoples, at the home of Polk's friend, Shavonda Perry. Polk was taking Perry to visit a relative in a nursing home, while Ronald Redden and others stayed with Jasmine and another child. While Jasmine was asleep in the front room, and the second child was asleep in a bedroom, [Mr. Neal] walked in the front door of the apartment and exited out the back door, where he spent about fifteen minutes wandering around the backyard, talking to himself. [Mr. Neal] then reentered the apartment stating, " 'I want all you M–F–ers to get out of my house.' " He then told Redden, "'I'm going to kill every last one of y'all, and I'm going to start with your ass.' " [Mr. Neal] then attacked Redden, stabbing him in the neck. Redden and the others fled the apartment, inadvertently leaving behind the two children.

> The Jacksonville Police Department was called to the scene, and by the time officers arrived, [Mr. Neal] had barricaded himself in the apartment. Sergeant Chris Burrough attempted to make contact with [Mr. Neal]. He tried to convince [him] to release the two children, but [Mr. Neal] refused to do so. Because the apartment's front door was blocked by furniture, the department's entry team, a group of officers specifically trained in making entry into high-risk situations, was called. The entry team ultimately accessed the apartment through the back door and took [Mr. Neal] into custody. Captain Kenny Boyd, a member of the entry team, began searching for the two children. After moving an overturned couch and television set, Captain Boyd discovered a child's body lying face down underneath the furniture. The child, who also had an extension cord around her neck, was later identified as Jasmine. The second child was found unharmed. An autopsy of Jasmine revealed numerous blunt-force and sharp-force injuries, but the ultimate cause of her death was compressional asphyxia, which was consistent with a heavy object or objects being placed on top of her chest.
>
> [Mr. Neal] was charged with capital murder and kidnapping. He was tried before a jury, convicted and sentenced to life imprisonment without the possibility of parole on the charge of capital murder and twenty-two years' imprisonment on the charge of kidnapping, with the sentences to be served concurrently.

*Neal v. State*, 375 Ark. 389 (2009.)

On September 24, 2010, Mr. Neal filed an untimely *pro se* petition for Rule 37 relief. (Doc. No. 5-4.) And on November 10, 2010, the Pulaski County Circuit Court denied his petition as untimely. Mr. Neal appealed but the Supreme Court of Arkansas dismissed his appeal. (Doc. No. 5-7.)

Mr. Williamson filed the instant Petition for Writ of Habeas Corpus on April 3, 2013. (Doc. No. 2). He alleges, among other things, ineffective assistance of counsel, that the trial court improperly denied testimony of a witness on his behalf, and prosecutorial misconduct. (*Id.*) Respondent counters that Mr. Neal's claims are untimely and procedurally defaulted. (Doc. No. 5.)

## II.  ANALYSIS

Respondent argues that the instant Petition was filed outside the one-year statute of limitation period provided in 28 U.S.C.§ 2244, and is time-barred. Title 28 U.S.C. §§ 2241 (d)(1) and (2)

impose a one-year statue of limitation period for filing petitions for writ of habeas corpus:

>   (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   >   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   >
>   >   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   >
>   >   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   >
>   >   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Mr. Neal's appeal mandate was issued on February 10, 2009. (Doc. No. 5-3.) The limitations period's triggering date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). If a state prisoner seeks review of the state's highest court, but fails to file a petition for certiorari to the Unites States Supreme Court, the state court judgement becomes final ninety days after the state's highest court denies relief or review. *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002). So in this case, the judgment in Mr. Neal's case became final on April 22, 2009 - ninety days after the February 10, 2009 mandate was issued. He then had one year, or until April 22, 2010, to file his petition. And Mr. Neal gets no benefit of tolling during the time his Rule 37

Petition was pending in state court, because the one year limitations period had already expired when he filed it on September 24, 2010.

Mr. Neal, by filing his Petition on April 3, 2013, failed to timely file his petition. Therefore, his claims are barred.

Petitioner seeks equitable tolling. But for the Court to grant him such extraordinary relief, Mr. Neal "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Walker v. Norris,* 436 F.3d 1026, 1032 (8th Cir. 2006.) "Such extraordinary circumstances must not be attributable to the petitioner." *Riddle v. Kemna,* 523 F.3d 850, 857 (8th Cir. 2008).

Here, Mr. Neal believes he is entitled to relief because he is untrained in the law and the Arkansas Supreme Court Clerk never mailed him a copy of the mandate or documents showing his case had been affirmed. (Doc. No. 2 at 16, 18.) But this does not constitute an "extraordinary circumstance." *Maghee v. Ault*, 410 F.3d 473, 477 (8th Cir. 2005). In *Maghee*, the petitioner sought tolling because he did not receive a dismissal notice and because he continued to file pleadings and motions using the wrong case number. The United States Court of Appeals for the Eighth Circuit held that equitable tolling is an "exceedingly narrow window of relief," and mistakes by the court clerk did not warrant equitable tolling because a petitioner is expected to diligently pursue their own post-conviction case. *Id.*; see *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir.2004) (*pro se* status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings held inadequate to warrant equitable tolling); see also *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851 (8th Cir.2003) (no equitable tolling where petitioner failed to check the status of his pending state-court complaint and file timely concurrent federal habeas corpus petition).

Accordingly, the Court concludes that Mr. Neal fails to establish the two required elements of equitable tolling and therefore, it is not warranted in this case. Therefore, Mr. Neal's Petition is time barred and should be dismissed.

### III.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Neal's § 2254 Petition (Doc. No. 2) should be DISMISSED, and the requested relief be DENIED; and

2.    A certificate of appealability should be DENIED.

DATED this 18th day of October, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE